(No. 93-CC-1308–)

POLLY JACOBS, Claimant, *v.* THE STATE OF ILLINOIS, RESPONDENT.

*Order filed June 18, 1996.*

STELLIS, FAULBAUM & FIELD (JACK A. STELLIS, of counsel), for Claimant.

JIM RYAN, Attorney General (DEBORAH L. BARNES, Assistant Attorney General, of counsel), for Respondent.

ORDER

RAUCCI, J.

This cause coming on to be heard on the Respondent's motion for summary judgment and the Respondent's motion to dismiss, the Court being fully advised in the premises, the Court finds:

1. Because of our disposition of this case upon the allegations of the motion to dismiss, we decline to rule on the motion for summary judgment.

2. Claimant alleges that she was terminated from her employment by a third party as a result of conduct by employees of the Department of Children and Family Services (DCFS). She alleges that Respondent has a duty to provide her with due process by affording notice that she was an indicated perpetrator of child abuse or neglect and to afford her an opportunity to appeal that decision; that Respondent failed to do so and, as a result, she was terminated from her employment. Claimant's amended complaint seeks relief in this Court for deprivation of due process and "privileges and immunities" rights afforded to her under the United States Constitution and pursuant to 42 U.S.C. 1983.

3. Respondent is not a "person" within the meaning of 42 U.S.C. section 1983. *Will v. Michigan Department of State Police* (1989), 491 U.S. 58.

4. A section 1983 claim must 1) have been under color of State law, and 2) have deprived a person of rights, privileges or immunities guaranteed by the Constitution or laws of the United States. (*Bayview-Lofberg's Inc. v. City of Milwaukee* (7th Cir. 1990), 905 F.2d 142, 144.) This claim fails the second test. Claimant must show that 1) the claimed interest is a property or liberty interest and that 2) the alleged loss amounted to a deprivation; and 3) the deprivation was without due process of law. See *Bayiew-Lofberg's Inc., supra.*

5. *Scott v. Village of Kewaskum* (7th Cir. 1986), 786 F.2d 338, 339-40, controls this case. To the extent a request appeals to discretion rather than rules, there is no property interest. In order for a State to create a constitutionally

protected property interest, the language conferring the interest must be of "unmistakably mandatory character, requiring that certain procedures 'shall,' 'will,' or 'must' be employed" and that the challenged action will not occur absent specific substantive predicates. (*Colon v. Schneider* (7th Cir. 1990), 899 F.2d 660, 667.) An interest is created only where the law or regulation in question contains specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow. The test for whether a statutory or regulatory procedure creates a protectable due process interest hinges on the actual language used by the legislature. (*Colon, supra.*) Claimant has failed to allege any facts tending to show that she is entitled to relief.

It is therefore ordered that the Respondent's motion to dismiss is granted, and this cause is dismissed and forever barred.